IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LORRAINE C. BLACKBURN, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-06160-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　　Before the Court is a motion to dismiss for lack of subject matter jurisdiction by Defendants Lorraine C. Blackburn and Double D's Sports Grille, Inc. (collectively, Defendants). See MTD (dkt. 15). Defendants argue that this Court lacks jurisdiction because the barriers have been removed and the injunctive claims are now moot. A joint site inspection occurred on January 13. In its brief and at the hearing on January 20, Plaintiff Scott Johnson did not dispute that the barriers have been removed, but indicated a further site inspection might be helpful. Johnson then declined to arrange one and submitted an expert declaration admitting that there had been no violations on January 13. Wegman Decl. (dkt. 27). The Court GRANTS Defendants' motion to dismiss and ORDERS Johnson to pay Defendants' legal fees of $1,904 reflecting unnecessary work since January 13.

**I.　BACKGROUND**

　　　Johnson is a level C-5 quadriplegic who uses a wheelchair for mobility. See Compl. (dkt. 1) ¶ 1. Defendant Double D's Sports Grille, Inc. (Restaurant) is a restaurant located in Los Gatos, California. Id. ¶ 5. Defendant Lorraine C. Blackburn, as Trustee of the Blackburn Bypass Trust, owns the real property at that location. Id. ¶ 2.

　　　On August 11, 2021, Johnson filed this lawsuit, alleging violations of the Americans with

1  Disabilities Act of 1990 (ADA) and the California Unruh Civil Rights Act. See id. at 5-7.

2  Johnson alleged that he went to the restaurant four times in June, but "wheelchair accessible

3  outside dining surfaces [was not] in conformance with the ADA Standards," specifically noting

4  the "lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair

5  users." Id. ¶¶ 12, 14. Johnson also alleged that the restaurant "provides parking to its customers

6  but fails to provide wheelchair accessible parking." Id. ¶ 18. Johnson alleged that he plans to

7  return to the restaurant to avail himself of its goods or services in the future. Id. ¶ 27.

8  According to Defendants, at the time that Johnson filed the lawsuit, Defendants did not

9  know that the restaurant's tables were noncompliant with the ADA. Devincenzi Decl. (dkt. 15-1)

10  ¶¶ 2-3. Defendants then remediated this problem by installing compliant tables. Id. ¶ 3.

11  Defendants also declares that the restaurant's parking cannot be noncompliant because they

12  provide no parking at all. Id. ¶ 5.

13  Defendants notified Johnson of the above facts on October 18, 2021 and asked for

14  photographs of the tables that Johnson alleged were noncompliant. See Long Decl. (dkt. 15-2) ¶¶

15  4-5. Johnson did not supply these photos. Id. ¶ 5. Defendants then employed Denise East, a

16  licensed CASp inspector, to inspect the premises on October 23. See East Decl. (dkt. 15-3) ¶¶ 7-9.

17  East took photographs and issued a report finding that the premises was compliant. Id.; Ex. B

18  (photographs); Ex. C (full report). On November 15, Defendants informed Johnson of these

19  developments. Long Decl. ¶ 7. On November 19, Defendants sent Johnson a copy of the CASp

20  report and photographs of the ADA compliant tables. Id. ¶ 9, Ex. A.

21  Defendants then filed this motion to dismiss for lack of subject matter jurisdiction, arguing

22  that this court lacked jurisdiction because Johnson lacked Article III standing for an injunction.

23  On December 7, Johnson filed an opposition, contending that the motion is untimely. See Opp.

24  (dkt. 19). Johnson did not provide declarations, photographs, or other evidence contesting any of

25  the facts in Defendants' motion.

26  The parties stipulated to extend the deadline for the joint site inspection, which occurred on

27  January 13, 2022. See Stipulation. After the site inspection, Defendants' counsel filed a

28  declaration stating that she repeatedly asked Johnson's expert at the site inspection if the site was

2

1    in compliance, and Johnson's expert said yes.  See Second Long Decl. ¶ 7 (dkt. 24).  This Court

2    held a hearing on January 20.  Johnson's counsel adduced no additional facts, appeared to lack

3    knowledge of what had occurred at the site inspection, and suggested that additional discovery

4    would be necessary.  The Court ordered Johnson to reexamine the site at his own expense and file

5    a declaration for why the case should not be dismissed.  Minute Order (dkt. 26).  The Court

6    indicated that it might sanction Johnson depending on what the facts revealed.

7          Johnson's expert did not reexamine the site, but rather filed a declaration stating that the

8    site was already in compliance at the January 13 site inspection.  See Wegman Decl.  Defendants

9    have incurred $1,904 in legal fees (3.2 hours of legal work at $595 per hour) since the January 13

10   site inspection.  See Third Long Decl. (dkt. 28) ¶ 6.

## II.   LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A party can challenge subject matter jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings.  See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If a defendant initiates a factual attack by submitting a declaration with extrinsic evidence of the lack of subject matter jurisdiction, "the court need not presume the truthfulness of the plaintiff's allegations."  Id.  The plaintiff "must present affidavits or any other evidence necessary to satisfy its burden that the court, in fact, possesses subject matter jurisdiction."  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); see also Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

Standing for injunctive relief requires a "real and immediate threat of repeated injury." Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004).  A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.  Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1274 (9th Cir. 1998) (citations omitted).  Therefore, in an ADA case seeking injunctive relief, the "voluntary removal of alleged barriers prior to trial can have the

effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011); see, e.g., Johnson v. 1082 El Camino Real, LP, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018); Johnson v. Oishi, 362 F. Supp. 3d 843, 848 (E.D. Cal. 2019).

When the jurisdictional issue is intertwined with the merits, a court must apply the summary judgment standard in deciding the motion to dismiss. Johnson v. Techbusiness Resources, LLC, 2020 WL 7013596, at *1 (N.D. Cal. Nov. 28, 2020). A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Because the defendant bears the burden of establishing mootness, see In re Pintlar Corp., 124 F.3d 1310, 1312 (9th Cir. 1997), it must "affirmatively demonstrate" that there is no genuine dispute that the relevant accessibility barriers no longer exist. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

## III. DISCUSSION

### A. The ADA Claim

In a factual attack on subject matter jurisdiction, Johnson "must present affidavits or any other evidence necessary to satisfy its burden that the court, in fact, possesses subject matter jurisdiction." St. Clair, 880 F.2d at 201. Johnson has not contested the Defendants' facts in his opposition, at the hearing, or after the hearing. Because the undisputed evidence shows that the two alleged barriers have been fully remediated (if they ever existed), there is no "real and immediate threat of repeated injury." Fortyune, 364 F.3d at 1081.

In his complaint, Johnson alleges that two structural features are noncompliant: (1) the "lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users"; and (2) the fact that the restaurant "provides parking to its customers but fails to provide wheelchair accessible parking." Id. ¶¶ 14, 18. The CASp inspector's report, photographs, and declaration all demonstrate that the clearance under the outside dining surfaces is now compliant. See East Decl. ¶ 7(a) (noting 30 inches of clearance); Ex. B (photos); Ex. C at 2. Undisputed evidence further reveals that Defendants do not provide parking, so it cannot be noncompliant. Devincenzi Decl. ¶ 5; East Decl. ¶ 7(c). At the site inspection, Johnson's expert indicated that there were no violations. See Second Long Decl. ¶ 7.

4

Johnson's arguments against dismissal fail. First, he argues that it is "inappropriate" to dismiss the matter at a motion to dismiss because the jurisdictional facts are intertwined with the substantive issues of the case." See Opp. at 1. When the jurisdictional facts are intertwined with the substantive issues, the Court can grant relief on a motion to dismiss; it simply must apply the summary judgment standard. See Techbusiness, 2020 WL 7013596. As noted above, Defendants' evidence meets that standard.

Second, Johnson argues that deciding the motion is "premature" because the facts have not yet been developed. He seems to argue that, had he known a Rule 56 motion was being brought, he would have filed a Rule 56(d) declaration. Opp. at 4. While the court analyzes a Rule 12 motion as it would a Rule 56 motion, see Techbusiness, 2020 WL 7013596, at *1, that does not mean a plaintiff may not file a Rule 12 motion. General Order 56 does not preclude a defendant from filing a motion to dismiss. Johnson v. 1082 El Camino Real, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018). And Johnson knows that Rule 12 motions may require him to present facts because he has faced these motions before. See, e.g., Johnson v. DiVittorio, 2021 WL 4749414, at *2 (N.D. Cal. Oct. 12, 2021); 1082 El Camino Real, 2018 WL 1091267 at *2. Yet he made no efforts to develop the facts between notification that its claim was likely moot (on October 18, 2021) and the filing of his opposition (on December 7, 2021). At the joint site inspection, Johnson had the chance to investigate and dispute the facts but did not.[1] See Second Long Decl. ¶ 7. Not only did Johnson fail to do so at the inspection, but Johnson prolonged this case by weeks by indicating a possible need for more discovery—and then failing to undertake it.

Finally, Johnson contends that this case fits the exception to mootness where a defendant only "voluntarily" ceases its wrongful conduct. But in ADA cases, "where structural modifications are made, then it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future since structural modification[s] undo the offending conduct." Johnson v. Opa Campbell LP, 2021 WL 3493712, at *3 (N.D. Cal. Aug. 9, 2021).

---

[1] In Garcia v. Beck, 21-cv-04575, ECV No. 32 (N.D. Cal. Nov. 15, 2021), the Court declined to apply the summary judgment standard to a similar motion. This case differs, however, because both the joint site inspection and a hearing have now occurred, and there are still no disputed facts.

1  Defendants' replacement of noncompliant tables with compliant ones is a structural change.  See

2  DiVittorio, 2021 WL 4749414, at *3.  The exception does not apply.

### B.	Unruh Act Claim

Having dismissed Johnson's sole federal law claim, the only remaining claim is his claim under California's Unruh Act.  This state-law claim is before the Court only pursuant to the Court's supplemental jurisdiction.  Opa Campbell LP, 2021 WL 3493712 at *4; see 28 U.S.C. § 1367(a).  Such jurisdiction is discretionary.  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997).  "Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim."  Techbusiness, 2020 WL 7013596, at *3 (citations omitted).  The Court similarly declines to exercise supplemental jurisdiction over the Unruh Act claim in this case because "it would not further the interest of judicial economy, convenience, fairness and comity."  Id. (citation omitted).

## IV.	CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss for lack of jurisdiction.  The Court also notes that, upon completion of the January 13 site inspection, it was already clear to both parties that there was no longer a case or controversy.  The Court therefore ORDERS Johnson to reimburse Defendants the $1,904 they have incurred in unnecessary legal work since that date.

**IT IS SO ORDERED.**

Dated: February 11, 2022

CHARLES R. BREYER
United States District Judge